IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | CRIMINAL NO. H-14-1111M |
| ANTHONY DEWAINE ROLFE | § § § § | |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

### Findings of Fact

[ ] A. Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

    [ ] (1)    The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        [ ]    a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

        [ ]    an offense for which the maximum sentence is life imprisonment or death.

        [ ]    an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]    a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

    [ ] (2)    The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

    [ ] (3)    A period of not more than five years has elapsed since the (date of conviction)

(release of the defendant from imprisonment) for the offense described in finding 1.

[ ] (4) Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[ ] B. Findings of Fact [18 U.S.C. § 3142(e)]

[ ] (1) There is probable cause to believe that the defendant has committed an offense

    [ ] for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

    [ ] under 18 U.S.C. § 924(c).

[ ] (2) The defendant has not rebutted the presumption established by the finding under B.(1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[x] C. Findings of Fact [18 U.S.C. § 3142(f)(2)]

[ ] (1)

[x] (2) There is a serious risk that the defendant will flee.

[ ] (3)

[ ] (4) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[x] D. Findings of Fact [18 U.S.C. § 3142(c)]

[ ] (1) As a condition of release of the defendant, bond was set as follows:
Defendant has stated that he is financially unable to meet this condition of release. The Court has been asked to reconsider. I have concluded that the bond requirement is the only condition of release that could assure the appearance of the defendant. I find that the amount of bond is reasonable and necessary.

[ ] (2)

[x] (3) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

[ ] (4)

[ ] (5) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

Written Statement of Reasons for Detention

**I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that:**
Anthony Dewaine Rolfe committed violations of 26 U.S.C. § 7203 by failing to a federal tax return for the year 2011. He has been charged in a Criminal Complaint with that offense in the United States District Court for the Northern District of Texas.

**I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:**
Evidence presented at the probable cause and detention hearing shows that Anthony Dewaine Rolfe committed the offense described in the Criminal Complaint and failed to file a tax return for 2011, despite the fact that he deposited approximately $500,000 into bank accounts over which he had sole control. The Complaint against him was filed on February 20, 2014. Despite several phone calls by IRS agents to Anthony Dewaine Rolfe advising him of the charge and asking him to surrender. Rolfe responded that he couldn't go to jail and would not turn himself in. He later verbally agreed to surrender, but did not appear. That led to a four to five month period of time during which the IRS and the United States Marshal's Service searched for Rolfe. Chris White of the United States Marshal's Service in Houston was asked by the Marshal's Service in Dallas to assist with the search. Over a month passed before the Marshal's Service in Houston, acting on information that Rolfe was staying with his girlfriend at her apartment in Houston, determined that Rolfe was living with is girlfriend at her apartment. On November 14, 2014, the Marshal's Service approached the apartment and knocked on the door. Rolfe did not response, and after some time, yelled through the door, "What are you going to do, shoot me?" Entry into the apartment was then attempted with a key provided by the apartment management service. The Marshals could not unlock the deadbolt and broke in. Rolfe hid in the back bedroom, then showed himself, but hid his hands. Only when officers displayed a Taser did Rolfe comply with instructions to lay on the floor. Approximately fifteen to twenty minutes elapsed between the time officers first knocked on the door of the apartment until Rolfe was taken into custody. While Rolfe did not physically resist arrest, he was not cooperative either, and only became compliant when he was faced with a Taser.

Rolfe has a prior outstanding charge of failure to identify and of being a fugitive with intent to give false information from July 2009 in Addison, Texas. He twice failed to appear in that case. There are two outstanding arrest warrants on that offense.

Rolfe may have financial resources available to him if he were to flee.

Based on Rolfe's failure and refusal to surrender, his conduct and comments on the date of his arrest, and his prior failure to appear charge, the undersigned Magistrate Judge believes Rolfe will flee if he is released on bail. Accordingly, having determined that there are no standard

conditions of release to assure the appearance of the Defendant at all future court proceedings in this matter, the Court ORDERS that Defendant Anthony Dewaine Rolfe be DETAINED pending further proceedings in this matter.

## Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On Order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, this 17th day of November, 2014.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE